Opinion filed August 9, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed August 9, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00084-CR

                                                     __________

 

                        FRANCISCO
ARAMDULA TUCKER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                             On
Appeal from the 385th District Court

 

                                                           Midland County, Texas

 

                                                   Trial
Court Cause No. CR30803

 



 

                                                                   O
P I N I O N      

Francisco Aramdula Tucker appeals his conviction
by a jury of the offense of aggravated assault with a deadly weapon by causing
bodily injury.  The jury assessed his
punishment at twenty years in the Texas Department of Criminal Justice,
Institutional Division.  Tucker contends
that the evidence is legally and factually insufficient to support his
conviction. We affirm. 








In order to determine if the evidence is legally
sufficient, the appellate court reviews all of the evidence in the light most
favorable to the verdict and determines whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S.
307, 319 (1979).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence. 
Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

Joann L. Biscarro testified that on May 22, 2005,
she and her daughter went to her sister=s
house to take her lunch.  She said that,
when she arrived, her sister opened the door for her and was happy to see
her.  She indicated that, after she put
down a bag of groceries, she went back downstairs to pick up the sandwich she
had brought her sister.  She related
that, when she got back upstairs, Tucker attacked her Aout
of the blue@ before
she had the opportunity to give her sister the sandwich.  She testified that he stabbed her once near
her heart, once near her liver, and once in her right arm.  She said, AI
would have been dead, because it was too close to my heart and it was too close
to my liver.@  She confirmed that she was so scared that she
thought she was just going to die there.

Joann testified that, after stabbing her, Tucker
pushed her all the way down the stairs. 
She said that her daughter ran up to her when she was at the bottom of
the stairs.  She indicated that, when her
daughter started to go up the stairs, she told her, ANo,
Tracy.  Look, I=m
full of blood, Tracy.@ 
She stated that, when her daughter asked Tucker why he had done that to
her mother, he said, AI=ll kill you; I=ll
kill you, too.@  She estimated that the knife was a big knife,
about eight inches long and two inches wide. 
She said that, when she asked someone for a towel, they refused saying
Tucker had Athreatened
me not to help you.@  She insisted that she had not seen Tucker for
three years before the stabbing.








Tracy Biscarro, Joann=s
twenty-three-year-old daughter, testified that she and her mother went to visit
her aunt Margarita.  She testified that,
when her mother went up to take her sister a sandwich, she saw her hit her back
on the rail and fall head first down the stairs.  She related that her mother never went inside
the house at that time.  She indicated
that, when she looked up, she saw her aunt at the door but no one else.  She said that, when she ran over to where her
mother was, she could see she was bloody from head to toe.  She related that she then saw Tucker
standing, facing her with a bloody knife in his hand.  She testified that it was long and thick,
almost like a butcher knife.  She said
that he told her that, if she got any closer, he would kill her.  She indicated that, when she went to help her
mother to the car, her mother was Acovered
from blood@ and that
she Awas
losing too much blood.@  She related that, before the ambulance
arrived, her mother started to tell her things, Alike
if she didn=t make
it, she wanted,@ and
started telling her about her nephew and family back in Dallas because Ashe
thought she wasn=t going
to make it.@

Tucker testified that he had lived with AMargarita Tucker@
in the same residence for about seven years. 
He indicated that his wife=s
family did not like him.  He said that,
after Joann had come in and put down some clothes and groceries, she came in
the residence a second time and went into the kitchen where he was.  He related that she told him to get out of
the apartment or she was going to call the police and have him put in jail or
she was going to call the owner of the apartment so they would evict him.  He indicated that, after the argument, Joann
grabbed a kitchen knife and tried to stab him in the back.  He said that he called the police.  He said she got stabbed while they were
struggling over the knife.  He related
that she fell on the stairway after running out of the apartment.  He denied that Joann=s
daughter started up the stairs.  He also
denied coming out of the apartment. 

Tucker acknowledged on cross-examination that
Joann=s stab
wound close to the liver was dangerous. 
He further acknowledged that she was bleeding but that there was no
blood inside the apartment.  Tucker
stated that, when he called 911, he told them that he thought he needed to go
to jail.  He admitted that in his
statement to police he said that he got the knife from the kitchen.  He also indicated that he told police that he
stabbed Joann because she forced him to when she grabbed him, rather than
saying it was because she was trying to stab him.  Finally, Tucker acknowledged that stabbing
someone as he had stabbed Joann could have killed them.








We hold that the evidence is legally and factually
sufficient to support Tucker=s
conviction.  Tucker contends that a knife
is not a deadly weapon per se and that the evidence is insufficient to show in this
case that the knife was a deadly weapon. 
A Adeadly
weapon@ is
defined as a firearm or anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury or anything that in the
manner of its use or intended use is capable of causing death or serious bodily
injury.  Tex. Penal Code Ann. '
1.07(a)(17)(B) (Vernon
Supp. 2006).  ASerious
bodily injury@ is
bodily injury that creates a substantial risk of death or that causes death,
serious permanent disfigurement, or protracted loss or impairment of the
function of any bodily member or organ.  Tex. Penal Code Ann. ' 1.07(a)(46) (Vernon Supp. 2006).   

Tucker primarily relies on the opinions in Danzig
v. State, 546 S.W.2d 299 (Tex. Crim. App. 1977), and Denham v. State,
574 S.W.2d 129 (Tex. Crim. App. 1978). 
In Danzig, the defendant
stabbed the complainant with a Asmall
penknife@ with a
blade Aabout
three to four inches long.@  Danzig,
546 S.W.2d at 300.  The complainant was
bleeding profusely.  Id.  The complainant testified that eight
stitches were required to close his wounds. 
Id.  There was no medical testimony concerning
the nature or extent of the complainant=s
wounds, although the wounds were near vital areas.  Id.   The court held that the evidence was
insufficient to support the conviction, noting that the State must present some
evidence, normally through expert testimony, that the weapon was used or
intended to be used in such a way that it was capable of causing death or
serious bodily injury.  Id. at 302.  Subsequently, in Denham, the court
overruled Danzig to the extent that it
required expert testimony to establish in a given case that a weapon is a
deadly weapon.  Denham, 574 S.W.2d
at 131.  In Denham, the evidence
was undisputed that the defendant stabbed the complainant with a butcher knife,
the blade of which was seven or eight inches long.  Id.
at 130.  The complainant testified that
he was in fear of his life and that he felt that the knife used was a deadly
weapon.  Id. at 131.  The court held that the evidence was
sufficient.  Id.  

Tucker argues that Denham overruled Danzig
on other grounds, but we disagree because Danzig=s conclusion that the evidence was
insufficient appeared to be based on its assumption, overruled in Denham,
that the State would normally be required to produce expert testimony on the
issue of whether the weapon used was a deadly weapon.  








In the case at bar, the evidence showed that
Tucker stabbed Joann several times with a large knife that had a blade
approximately eight inches long and two inches wide and that she bled
profusely.  She thought she was going to
die.  Furthermore, Tucker himself
acknowledged that stabbing someone in the way he stabbed Joann could have
resulted in death.  We also note that
there is evidence that, while brandishing the same weapon, Tucker threatened to
kill Joann=s
daughter.  Denham supports our
conclusion that the evidence is sufficient to support the conviction.  Tucker also contends that the evidence is
legally and factually insufficient because the State did not produce evidence
to overcome his theory of self-defense. 
A rational jury could have believed Joann=s
version of events rather than that of Tucker. 
Tucker seems to contend that Joann=s
testimony, being that of only one witness, is insufficient to overcome his
own.  He presents no authority in support
of such a contention, and we are not aware of any.  We overrule both issues on appeal.

The judgment is affirmed. 

 

PER CURIAM

 

August 9, 2007

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  McCall, J.,

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.